# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL BURKE, et al., )
)
    Plaintiffs, )
) No. 4:13-CV-1677 CAS
    v. )
)
TIMELY DISBURSEMENTS PENSION )
AND PROFIT SHARING TRUST FUND, )
JOHN W. KELLEY, TRUSTEE, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This removed matter is before the Court on a Motion to Dismiss, or in the Alternative for Summary Judgment, filed by defendants Timely Disbursements Pension and Profit Sharing Trust Fund, John W. Kelly, Trustee (the "Fund"), Timely Disbursements, Inc., John W. Kelly and Mary M. Kelly (collectively "defendants").[1] Plaintiffs oppose the motion and move for dismissal of this action without prejudice. The motions are fully briefed and ready for decision. For the following reasons, the Court will grant plaintiffs' motion to voluntarily dismiss the case, as plaintiffs lack prudential standing.

## I. Background

Plaintiffs Michael and Andrea Burke ("plaintiffs") filed this action in the Circuit Court of St. Charles County, Missouri. The case was removed to this Court by the defendants on the basis of federal question jurisdiction, as the First Amended Petition ("complaint") invokes the federal Truth in Lending Act, 15 U.S.C. §§ 1601 et seq., and Regulation Z promulgated thereunder. The complaint also asserts supplemental state law claims. The complaint seeks rescission of certain real

---

[1] Defendant Richard Schreiber has never been served with summons and complaint.

estate transactions involving the plaintiffs' residential real property at 414 Hickory Post Court, in Wentzville, Missouri, as well as actual damages and other relief in connection therewith.

The complaint also states that the plaintiffs "have been in a Chapter 13 Bankruptcy proceeding in the Eastern District of Missouri Bankruptcy Court, Case No. 11-50768," and seeks actual and punitive damages against unserved defendant Richard Schreiber for certain acts and representations relating to the residential real property in connection with the plaintiffs' currently pending Chapter 13 bankruptcy proceeding.[2]

All of the complaint's claims arise out of the same set of operative facts involving the purchase and financing of the residential real property. Among other things, plaintiffs' complaint seeks cancellation and rescission of the residential sales contract, note and deed of trust, and "[r]econveyance, by good and sufficient Warranty Deed, of title to the Premises" of plaintiffs' residential real property in Wentzville, Missouri, "free and clear of all liens or claims of Defendants."

Defendants move to dismiss the case pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1) and 12(b)(6) and, in the alternative, move for summary judgment under Rules 12(d) and 56. Defendants assert that plaintiffs lack standing to pursue their claims in this action because the claims are the property of the plaintiffs' bankruptcy estate and not of the plaintiffs personally; that plaintiffs' complaint fails to state a claim upon which relief can be granted, and that to the extent plaintiffs' complaint purports to assert claims for fraud and misrepresentation, it fails to plead such claims with the particularity required by Rule 9(b).

---

[2]The Court takes judicial notice of the plaintiffs' bankruptcy case. "[F]ederal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue." United States v. Evans, 690 F.3d 940, 943 (8th Cir. 2012) (quoted case omitted).

Plaintiffs responded to the defendants' motion by filing a Motion to Dismiss Without Prejudice pursuant to Rule 41(a)(2) on September 25, 2013. In the motion, plaintiffs state that they cannot proceed with this action because they did not schedule this cause of action in their Bankruptcy Schedules filed in Case No. 11-50768 as required by 11 U.S.C. § 521(a). Plaintiffs affirmatively state that they lack the capacity to sue because the bankruptcy estate is in the hands of the Trustee, the claims in this case have not been disclosed to the Trustee, and the Trustee has not been afforded the opportunity to pursue or abandon the claims. Plaintiffs deny that they lack standing to prosecute this action but concede that "the party with the capacity to bring this suit is presently the bankruptcy trustee, not the Plaintiffs." Pls.' Mot. Dismiss at 2. Plaintiffs assert that they "may, and will, amend their bankruptcy schedules to include this contingent claim." Id. at 3. Plaintiffs ask that the Court dismiss the case without prejudice and assess costs against them, not to include attorneys' fees or other sanctions.

In response to plaintiffs' motion, the defendants acknowledge plaintiffs' concession that they cannot proceed with this action because of their pending bankruptcy case. Defendants oppose the dismissal of this action without prejudice, however, asserting that their summary judgment motion should be granted and the case dismissed with prejudice. Defendants assert that plaintiffs have attempted to forum shop, by initiating this action in state court rather than addressing these issues in their bankruptcy case.

## II. Status of Plaintiffs' Attorney

As a threshold matter, the Court notes that on December 3, 2013, the Missouri Supreme Court issued an interim suspension of the law license of plaintiffs' attorney, Mr. Jeffrey M. Witt. As described above, Mr. Witt filed a response to defendants' pending motion, more than sixty days prior to the order of suspension. This Court has not yet imposed any discipline upon Mr. Witt.

Although ninety days have passed since the interim suspension, plaintiffs have taken no action to have a new attorney enter an appearance in this case on their behalf, nor have they sought leave from the Bankruptcy Court to amend their schedules to include the claims they assert in this case.[3] Because this matter is fully briefed and Mr. Witt remains on active status before the Court at this time, the Court will proceed to address the pending motions. Further, because the Court is granting plaintiffs the relief they seek, no prejudice can accrue to them as a result of Mr. Witt's status.

**III. Discussion**

The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit pursuant to Rule 41(a)(2) rests upon the sound discretion of the Court. See, e.g., Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005). The factors a district court should consider when deciding whether to allow a voluntary dismissal include:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013) (quoting Thatcher v. Hanover Ins. Group, Inc., 659 F.3d 1212, 1213 (8th Cir. 2011)).

In this case, the plaintiffs' explanation for their desire to dismiss the case is proper. Plaintiffs concede that because they did not schedule the claims asserted in this case in the bankruptcy case, they do not have the legal capacity to prosecute the case at this time. Although plaintiffs deny that they lack standing, their statement that the bankruptcy trustee is the party with the present capacity to pursue the claims in this action is an admission that plaintiffs lack *prudential* standing.

---

[3]Plaintiffs are, and have been, represented by separate counsel in their bankruptcy case.

"Prudential principles of standing are statutorily imposed jurisdictional limitations separate from and in addition to constitutional standing requirements." Davis v. U.S. Bancorp, 383 F.3d 761, 767 (8th Cir. 2004). A plaintiff may have Article III standing but lack prudential standing for any of several reasons. Oti Kaga, Inc. v. South Dakota Hous. Dev. Auth., 342 F.3d 871, 880 (8th Cir. 2003) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). One rule of prudential standing is that a "plaintiff may . . . run afoul of prudential standing limits because the claim rests on the legal rights of third-parties[.]" Id. A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499.

Here, plaintiffs lacked prudential standing at the time suit was filed. Under federal bankruptcy law, "all legal or equitable interests of the debtor[s] in property as of the commencement of the case" become part of the bankruptcy "estate." 11 U.S.C. § 541(a)(1); In re Ozark Rest. Equip. Co., Inc. (Mixon v. Anderson), 816 F.2d 1222, 1224-25 (8th Cir. 1987). The debtors must list all legal or equitable interests in property on a schedule of assets and liabilities. 11 U.S.C. § 521(a)(1)(B)(I). "Causes of action are interests in property and are therefore included" in the bankruptcy estate. In re Senior Cottages of America, LLC (Moratzka v. Morris), 482 F.3d 997, 1001 (8th Cir. 2007). This includes "all causes of action that the debtor could have brought at the time of the bankruptcy petition." United States ex rel. Gebert v. Transport Admin. Servs., 260 F.3d 909, 913 (8th Cir. 2001). This is true even though plaintiffs' bankruptcy is under Chapter 13 of the Bankruptcy Code, and the plaintiffs would be proper parties in interest to pursue claims *that had been scheduled* and thus made property of the bankruptcy estate under 11 U.S.C. §§ 1306(b) and 541. Assertion of such claims by the debtors-in-possession, however, would be on behalf of the bankruptcy estate, not themselves individually. See, e.g., Cable v. Ivy Tech State College, 200 F.3d

467, 474 (7th Cir. 1999), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965, 967 n.1 (7th Cir. 2013)).

Although defendants object to plaintiffs' motion for voluntary dismissal, such a motion should be granted unless a defendant will suffer "plain legal prejudice." See Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate plain legal prejudice arising from the dismissal."); see also Paulucci v. City of Duluth, 826 F.2d 780, 782-83 (8th Cir. 1987) (voluntary dismissal not appropriate where it would "unfairly affect" the defendant).. To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of his action. Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam). The fact that defendants filed a dispositive motion does not preclude dismissal without prejudice, although this is a factor the Court considers. See Metropolitan Fed. Bank of Iowa, F.S.B. v. W.R. Grace, 999 F.2d 1257, 1262 (8th Cir. 1993). The mere prospect of a second lawsuit following a voluntary dismissal without prejudice does not constitute plain legal prejudice. 8 James Wm. Moore, et al., Moore's Federal Practice § 41.40[5][c] (3d ed. 2013).

Here, defendants' motion to dismiss or in the alternative for summary judgment invokes Rule 12(b)(1) and asserts that plaintiffs lack standing to pursue this action. "As an element of subject matter jurisdiction, the issue of standing should be raised by a motion to dismiss for lack of jurisdiction over the subject matter." 15 James Wm. Moore, et al., Moore's Federal Practice § 101.30[1] (3d ed. 2013). Federal courts are generally required to address subject-matter jurisdiction before reaching non-jurisdictional issues. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-97 (1998). Thus, if the Court were to take up the merits of defendants' motion, it would address the issue of plaintiffs' standing and subject matter jurisdiction first. Upon reaching

6

a conclusion that the plaintiffs lacked prudential standing, a dismissal for lack of standing would be without prejudice because such a dismissal is not an adjudication on the merits. See <u>County of Mille Lacs v. Benjamin</u>, 361 F.3d 460, 464-65 (8th Cir. 2004). Moreover, because subject matter jurisdiction is lacking, the Court cannot reach defendants' arguments in favor of dismissal under Rule 12(b)(6) and Rule 9(b), Fed. R. Civ. P., or its alternative motion for summary judgment under Rule 56. Defendants are therefore not prejudiced by the voluntary dismissal of plaintiffs' complaint, as this is the same relief their own motion would achieve.

## IV. Conclusion

Based on the foregoing, the Court finds that plaintiffs have presented a proper explanation of their desire to dismiss this action without prejudice, as they lack prudential standing and therefore this Court lacks subject matter jurisdiction over the case. Under these circumstances, defendants cannot show they will be "unfairly affected" or suffer plain legal prejudice if the dismissal is granted. Plaintiffs' motion to dismiss without prejudice should therefore be granted, and defendants' motion to dismiss or in the alternative for summary judgment should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Dismiss Without Prejudice is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that defendants' Motion to Dismiss, or in the Alternative for Summary Judgment, is **DENIED** as moot. [Doc. 5]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order to Mr. Kenneth P. Carp at 12800 Boenker Lane, St. Louis, Missouri 63044. Mr. Carp, who has been appointed trustee over Mr. Jeffrey Witt's law office, shall provide plaintiffs with a copy of the Memorandum and Order and Order of Dismissal.

An appropriate Order of Dismissal will accompany this Memorandum and Order.

                                                                           /s/ Charles A. Shaw
                                                                           **CHARLES A. SHAW**
                                                                           **UNITED STATES DISTRICT JUDGE**

Dated this  11th  day of March, 2014.